UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MITCHELL ANDRE FRIEND,

Defendant.

Case No. CR-06-5061 FDB

ORDER DENYING MOTION TO
VACATE ORDER OF RESTITUTION

This matter comes before the Court on Defendant's motion to vacate order of restitution. The Court, having reviewed the motion, the response thereto, and the remaining file, is fully informed and hereby denies the motion for the following reasons.

**Introduction and background**

On July 3, 2006 Defendant Mitchell Friend pled guilty to two counts of conspiracy to commit armed credit union robbery and to one count of brandishing a firearm during and in relation to a crime of violence. In the "Statement of Facts" of the Plea Agreement, Friend admitted that he stole a total of $118,335.00 during the two robberies. Friend also agreed to pay restitution to the credit union in the amount of $118,335.00, and further agreed that the restitution was "due and payable

ORDER - 1

immediately and shall be paid in accordance with a schedule of payments as ordered by the Court." Friend waived his right to appeal his sentence or to bring a collateral attack against the sentence.

On March 30, 2007, this Court sentenced Friend to 228 months of imprisonment and ordered him to pay $118,135.00 in restitution. The Judgment sets the terms of payment during the period of imprisonment at "no less than 25% of the inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program." With respect to the period of supervised release, "in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment."

## Lack of Jurisdiction to Consider Motion

The Plea Agreement entered into by Defendant Friend provides that Friend has waived his right to appeal or bring any collateral attack against his conviction or sentence, except as it may relate to effectiveness of legal representation. The motion to vacate the restitution order is a collateral attack on his sentence and is thus barred by the waiver provisions of the Plea Agreement. See, Washington v. Lampert, 422 F.3d. 864, 871 (9th Cir. 2005); United States v. Nguyen, 235 F.3d 1179, 1182-84 (9th Cir. 2000).

Additionally, this Court lacks jurisdiction to vacate or modify the restitution order. The Courts authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Court is aware of no statute that would expressly permit it to modify Defendant's sentence, and Defendant has not provided any. The rule applies only in very narrow circumstances and does not permit a court to simply reverse its decision about appropriate restitution. See, United States v. Penna, 319 F.3d 509, 512 (9th Cir. 2003). Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or

ORDER - 2

other clear error" within seven days of sentencing. Fed. R. Cr. P. 35(a). This exception does not apply at this late date. Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Cr. P. 35(b).

Accordingly, there is no jurisdictional basis for the Court to hear Defendant's motion.

**Restitution Order Valid on the Merits**

The challenge to the order of restitution fails in light of the Ninth Circuit's recent decision in United States v. Lemoine, ___ F.3d ___ , 2008 WL 4509602 (9th Cir., October 9, 2008). The Court in Lemoine upheld the validity of the Inmate Financial Responsibility Program (IFRP). The Court held the Bureau of Prisons' operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments. The Court found the district court's restitution payment schedule, not unlike Defendant Friend's restitution schedule, to be a valid restitution repayment schedule.

Accordingly, Defendant's challenge fails on the merits.

**Conclusion**

For the above stated reasons,

IT IS ORDERED:

Defendant's Petition to Vacate Order of Restitution [Dkt. # 83] is **DENIED.**

DATED this 17th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3